IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 3:21-cr-102 |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| JESSICA ROCHELLE PETERS, | |
| Defendant. | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing set for March 25, at 3:00 p.m.

**TABLE OF CONTENTS**

I.   **BACKGROUND** ...................................................................................1

II.  **SENTENCING CALCULATION** .......................................................2

III. **GOVERNMENT'S RECOMMENDATION** .........................................3

## I. BACKGROUND

A three-count Indictment was filed on October 6, 2021, in the Southern District of Iowa, charging Jessica Rochelle Peters (Defendant) with Production of Child Pornography (Count One), in violation of 18 U.S.C. § 2251(a), Distribution of Child Pornography (Count Two), in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and Possession of Child Pornography (Count Three), in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2). A Notice of Forfeiture was filed pursuant to 18 U.S.C. §

2253. (Final Presentence Investigation Report, hereinafter "PSR." R. Doc. 39, ¶¶ 1-2.)

On November 22, 2024, Defendant pled guilty to Count One and Three of the three-count Indictment. On December 9, 2024, the Court accepted Defendant's plea and adjudicated her guilty. The government has agreed to dismiss Count Two at the time of sentencing. (PSR, R. Doc. 39, ¶¶ 3-4.) Defendant filed objections to the PSR, however, it will be withdrawn and both parties will agree with the advisory guideline calculation in the PSR.

## II. SENTENCING CALCULATION

In the presentence report paragraphs 42-54 and 112, Defendant's guideline range was calculated as follows:

| | |
|---|---|
| Base Offense Level USSG §2G2.1(a) | 32 |
| Specific Offense Characteristics USSG §2G2.1(b)(1)(A) | +4 |
| Specific Offense Characteristics USSG §2G2.1(b)(2)(A) | +2 |
| Specific Offense Characteristics USSG §2G2.1(b)(3) | +2 |
| Specific Offense Characteristics USSG §2G2.1(b)(5) | +2 |
| Chapter Four Enhancement USSG §4B1.5(b)(1) | 47 |
| Acceptance of Responsibility USSG §3E1.1(a), (b) | -3 |
| **Total Offense Level** | **43** |
| **Criminal History Category** | **I** |
| **Guideline Sentencing Range:** | **Life** |

However, the statutorily authorized maximum sentences are less than the minimum of the applicable guideline range; therefore, the guideline term of imprisonment is 600 months.

### III. GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of Defendant; and to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of Defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 43/Criminal History category I: life. The statutorily authorized maximum sentences are less than the minimum of the applicable guideline range; therefore, the guideline term of imprisonment is 600 months. The government argues that a substantial sentence in this case is warranted. Pursuant to the Department of Justice Policy, a 600-month sentence is recommended and is sufficient but not greater than necessary to meet all the sentencing goals.

This is a very aggravating case. Defendant repeatedly sexually abused a minor child from the ages of 6 years old to 8 years old. Not only did the acts of sexual abuse occur, but Defendant video recorded these acts and sent them to a man in Indiana for money. The child was aware that Defendant was recording these acts and sending these videos to a male in exchange for money. Defendant told the minor victim that she was only "fake molesting him" and a pillow was placed over his head so as not to see what acts were being performed below. The victim reported to a forensic interviewer that he was not molested that it was only fake. The videos, however, show Defendant with her mouth on the bare skin on the child's genitalia. One video shows Defendant using her hand to fondle the victim's penis. This abuse happened many times over a two-year period. The trauma Defendant caused to this child is tremendous and life lasting.

Another aggravating factor is the relationship of the victim and Defendant. Defendant failed to protect the victim and in fact perpetrated the abuse on the victim. Based on the horrendous facts and circumstances of this case, Defendant should be sentenced to a lengthy term of imprisonment.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining Defendant's final sentence.

        Respectfully submitted,

        Richard D. Westphal
        United States Attorney

By:   */s/ Melisa Zaehringer*
      Melisa K. Zaehringer
      Assistant United States Attorney
      U.S. Courthouse
      131 E. Fourth Street, Suite 310
      Davenport, Iowa 52801
      Tel: (563) 449-5432
      Fax: (563) 449-5433
      Email: Melisa.Zaehringer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:
\_\_\_\_U.S. Mail _____ Fax \_\_\_\_\_Hand Delivery
\_\_X\_\_ECF/Electronic filing    \_\_\_\_Other means

UNITED STATES ATTORNEY

By:  */s/ Alexandria M. Ogden*
      Paralegal Specialist